In the Matter of the Claim of MARIAN MATTHEWS, as Committee for ELIZABETH A. POIRIER, an Incompetent, and as Guardian of the Person and Estate of PAMELA POIRIER, an Infant, Respondent, against GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Appeal by the employer and insurance carrier from a decision and award of the Workmen's Compensation Board in a death case. The decedent had been employed by the General Electric Company for over twenty years and, during the last two years of his employment, he had worked at the company's Malta, New York, plant as an "hydrogen and oxygen operator". For several months before his death, the decedent had complained of a sore throat. Upon coming home from work on December 28, 1952, he complained of a burning pain in the throat and chest. A physician treated him that night with penicillin and a sedative. The decedent was found dead the next morning; his palate looked burned as if he had swallowed a caustic substance. The physician concluded that the decedent had died from a "septic sore throat" and "toxic myocarditis". The doctor was of the opinion that exposure to peroxide made with heavy hydrogen was a "contributory cause" of the myocarditis. The board found that the decedent had died of toxic myocarditis and that that was an occupational disease within the meaning of the Workmen's Compensation Law and it made an award of death benefits to the decedent's widow and children. The first question raised is the question of the sufficiency of the claimant's proof. The claimant encountered considerable difficulty in obtaining proof as to the exact nature of the occupational hazards to which the decedent had been exposed. It appeared that the plant manufactured secret products under security regulations of the Federal Government and that the fellow employees of the decedent had been forbidden to give any information as to the nature of the work. However, the claimant was able to prove that the decedent's work involved the handling of various chemicals including hydrogen peroxide made with so-called "heavy hydrogen", which was highly volatile and which would burn a hole in the floor if spilled. The claimant's proof also showed that the decedent and other employees of the plant who handled the heavy lead containers in which the chemicals were carried had been required to wear special plastic clothing, designed to protect them against chemical burns. Under the special circumstances of this case, we believe that this proof, together with the medical testimony, was sufficient to make out a prima facie case, particularly in the light of the presumptions under sections 21 and 47 of the Workmen's Compensation Law. The claimant's proof was sufficient to call on the employer for rebuttal or explanation but the employer offered no evidence whatever. The principal question raised upon this appeal is the refusal of the referee to grant the appellants an additional adjournment on May 5, 1954. The claim for death benefits had been filed on February 16, 1953; hearings had been scheduled from time to time and finally notice was given on April 19, 1954, that all proof would have to be submitted on May 5, 1954, and that there would be no further adjournments. The appellants' attorney appeared at the hearing but he had no witnesses with him and had no evidence to present. After the claimant had presented her proof, the appellants asked for a further adjournment. The referee denied this motion, pointing out that more than a year had elapsed since the filing of the claim and that the employer had supplied no information as to the nature and hazards of the employment and had made no effort to obtain a release of the security regulations, if such a release was necessary to allow it to give the desired information. Upon appeal to the board, it affirmed the referee's decision, noting that: "Even now, in seeking review, the employer does not state what evidence he [sic] wishes to present". Upon the oral argument of this appeal, the attorney for the carrier stated that he still did not know whether the employer would be willing to furnish any evidence, if the case were reopened, in view of the security regulations. Under the circumstances, we cannot say as a matter of law that the board's refusal of a further hearing was improper. There is a claim in the carrier's brief

that its attorney was misled by a statement made by the claimant's attorney in a telephone conversation the day before the final hearing, to the effect that the claimant would not be prepared to go forward with proof at the hearing. However, the carrier's attorney admits that on the morning of the hearing the claimant's attorney advised him by telephone that he intended to offer the testimony of the physician and one other witness. The carrier's attorney still made no effort to procure any witnesses. On the contrary, he insisted that he should be given an opportunity to have the testimony of the claimant's witnesses transcribed and to go over the transcript with his own witnesses before offering any evidence. As the board held upon review, the appellants had no such right. The appellants had known the nature of the claimant's contentions for many months and there was no need for them to await the completion of the claimant's proof in order to determine what proof they wished to offer. Furthermore, the appellants had been warned by the categorical notice by the board that a further adjournment would not be granted and they relied upon the expectation of a further opportunity to offer proof at their peril. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.